IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10971
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MICHAEL DARNELL TRIBBLE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:00-CR-293-3-A)
--------------------
February 28, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Michael Darnell Tribble appeals his sentence following his jury-trial conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). Tribble contends that the district court did not make the specific findings required to justify the imposition of a two-level increase in his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1, based on his alleged perjury. Tribble contends that the district court did not specify the testimony that it found to be false.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's factual finding that a defendant has obstructed justice under U.S.S.G. § 3C1.1 for clear error. United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994). Because Tribble objected to the obstruction enhancement for perjury, the district court was required to "review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition." United States v. Como, 53 F.3d 87, 89 (5th Cir. 1995) (citing United States v. Dunnigan, 507 U.S. 87, 95 (1993)). Separate and clear findings on each element of the alleged perjury are not required. See Como, 53 F.3d at 89.

The district court's statement at sentencing and the adoption of the second presentence report addendum which specifically delineated those portions of Tribble's testimony that were contradictory to those of the testifying codefendants were sufficient to justify the obstruction-of-justice enhancement. See United States v. Cabral-Castillo, 35 F.3d 182, 186 (5th Cir. 1994). AFFIRMED.

S:\OPINIONS\UNPUB\01\01-10971.0.wpd
4/29/04  2:25 pm

2